[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
Defendant-appellant, Eddie Julious, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of trafficking in cocaine within 1000 feet of a school. Julious was convicted of the offense following a jury trial.
In his first assignment of error, Julious argues that the finding of guilt as to the location of the offense was based upon insufficient evidence and was contrary to the manifest weight of the evidence. In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt."[1] To reverse a trial court's judgment as against the manifest weight of the evidence, a reviewing court must review the entire record, weight the evidence and all reasonable inferences, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
At trial, the police officers testified that they were very familiar with the area in which the offense occurred and that the location of the sale was well within 1000 feet of an elementary school. Although the officers conceded that they had not physically measured the distance to the school from the location at which Julious had sold cocaine to an undercover officer, they testified that they had made similar measurements in support of other drug cases. The finding of guilt as to the location of the offense was therefore in accordance with the evidence, and the first assignment of error is overruled.
In his second, and final, assignment of error, Julious complains that the lower court abused its discretion by imposing the maximum sentence of eighteen months' incarceration. A trial court may impose the maximum term of incarceration only if it finds that the offender committed the worst form of the offense or that the offender poses the greatest likelihood of recidivism.[3]
In the case at bar, the court found that both statutory factors were present. Julious argues, however, that the record does not support the findings. We disagree. As the trial court noted at the sentencing hearing, Julious's record includes numerous juvenile delinquency adjudications and adult convictions. Many of those involve drug-related offenses. Moreover, Julious was on community control at the time of this trafficking offense. Thus, the record supports the lower court's finding as to the likelihood of recidivism.
Having held that the record supports the finding with respect to the likelihood of recidivism, we need not address Julious's arguments concerning the worst form of the offense. The trial court need only find one of the factors enumerated in R.C.2929.14(C) to justify the imposition of the maximum sentence. Similarly, we need not address Julious's argument that the court failed to make the requisite findings for imposing a sentence greater than the minimum. As we have previously held, the trial court is not required to make separate findings with respect to the imposition of greater than the minimum sentence where it has complied with the requirements for imposing the maximum.[4]
Julious's second assignment of error is overruled, and the judgment of the trial court is affirmed.
 ______________________________ HILDEBRANDT, PRESIDING JUDGE
 WINKLER and SHANNON, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819,825, quoting Jackson v. Virginia (1979), 443 U.S. 307, 319,99 S.Ct. 2781, 2789.
[2] State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546.
[3] R.C. 2929.14(C). The maximum term is also permitted for certain major drug offenders and repeat violent offenders.
[4] State v. Jackson (Aug. 20, 1999), Hamilton App. No. C-980512, unreported, jurisdictional motion overruled (1999), 87 Ohio St.3d 1459,720 N.E.2d 542.